## FEDERAL BANK & TRUST CO. v. VAUGHAN et al.

(Circuit Court of Appeals, Fourth Circuit. September 29, 1924.)

No. 2239.

**Banks and banking ⚖=182—Bank held not liable, under contract, for debt of another bank.**

An agreement under which defendant bank lent to another bank a stated sum, to be held on deposit by defendant and used in payment of certain specified claims against the borrower and checks drawn by its depositors. as shown by its books, *held* not to render defendant liable for certificates of deposit issued by the borrower, not mentioned in the agreement, and especially in the absence of an allegation that any part of the sum lent remained in its hands unexpended.

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; D. Lawrence Groner, Judge.

Action at law by the Federal Bank & Trust Company against C. C. Vaughan, Jr., and Cora V. Camp, partners doing business as Vaughan & Co., Bankers. Judgment for defendants, and plaintiff brings error. Affirmed.

S. M. Brandt, of Norfolk, Va., for plaintiff in error.

E. R. F. Wells, of Norfolk, Va., for defendants in error.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. The plaintiff in error was the plaintiff below, and the defendants in error were there defendants, and they will be here given the same designation. The former is an Iowa corporation, and the latter are citizens of Virginia. In the court below a demurrer was sustained, and the plaintiffs amended the declaration. They did not seek further to amend. Judgment went against it, and this writ of error was sued out.

The one question here argued was, Did the amended declaration set forth a cause of action against the defendants? Its relevant allegations may be briefly summarized. By various mesne assignments, it is the holder of two certificates of deposit for $5,000 each, issued by the Farmers' Bank of Franklin, Va., for brevity hereinafter styled the Farmers. One of these certificates bore date March 3, 1921, and the other the 5th of the same month. Each of them was signed on behalf of the Farmers by one Beale as cashier. One of them was issued to him, and the other to a company of which he was treasurer. The plaintiff presented these certificates, both to the Farmers and the defendants, and demanded payment from each but it did not get it from either.

An agreement dated March 21, 1921, between the Farmers and the defendants was inserted in the declaration in extenso. By it the defendants agreed to advance $110,000 to the Farmers upon a promissory note of the latter secured by the immediate transfer and delivery of certain bonds, notes and evidences of debt not otherwise specified, and by the assignment of whatever surplus might be realized by various named creditors of the defendants out of the property then held in pledge by them.

The $110,000 advanced by the defendants was to be deposited by them to the credit of the Farmers with themselves as bankers. The money to the extent of any balance of it which might from time to time remain to the credit of the Farmers was to be applied to the payment of checks drawn on the latter by its depositors as shown by its books. It was specified that there should be included in or with such payments dividend, certified, and cashier's checks to the aggregate amount of $1,184.97 and seven certificates of deposit designated by number and amount and totaling $5,875.26. Neither of the certificates here in suit was included in this list.

The agreement further provided that after June 1, 1921, such balances as then remained to the credit of the depositors of the Farmers should be transferred from the books of the Farmers to those of the defendants. The Farmers assigned and delivered to the defendants such necessary books as might be essential to perfect the agreement, and covenanted that for a period of ten years the building occupied by it should not be rented or leased as a bank of deposit except to the defendants. If the defendants are liable, it is because this agreement makes them so. It is quite clear that they did not intend to assume any liability in excess of $110,000, and the declaration does not allege that at the time suit was brought any part of such sum remained in defendants' hands. The certificates of deposit now in controversy were not among those they specifically agreed to pay.

The plaintiff says that nevertheless what they did or agreed to do made them liable to it, whether they had or had not any such result in contemplation. In support of that contention, it cites sections 3823, 4129, and 4130 of the Code of Virginia of 1919. We cannot see that any of them has application to the issues here raised. The plaintiff more insistently argues that in any event the defendants have by the agreement so completely taken over the assets of the Farmers, and have so merged its business with theirs, as to make them liable for its debts. It asks us to infer, from what the parties agreed, that the Farmers turned over to the defendants all, or substantially all, of its transferable assets, including its books and the good will of its business, and it says the defendants, having taken all that the Farmers had, cannot escape liability for any of its debts.

It is unnecessary to inquire whether, if

the facts were as plaintiff's counsel in argument suggests, the result contended for would follow, for the construction of the agreement insisted on by the defendants is not the only one of which it was susceptible, nor indeed is it perhaps its most obvious one. If in fact it was that upon which the parties acted, it would have been easy for the plaintiff to have so charged in its declaration, but its able and experienced counsel has persistently refrained from making any such allegation. As the declaration stands, the learned District Judge was right in sustaining the demurrer to it.

Affirmed.